IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


REBA JEAN MONES,                                           Civ. No. 3:14-cv-00917-CL

                    Plaintiff,
                                                                      **ORDER**
        v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                    Defendant.

---

CLARKE, Magistrate Judge.

    This matter comes before the Court on the stipulation of the parties (#27) that Plaintiff

Reba Jean Mones ("Plaintiff") be awarded $6,946.82 in attorney's fees under the Equal Access

Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

    On June 6, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of the final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

her application for Social Security disability benefits. On July 1, 2015, this Court remanded

(#25) Plaintiff's case for further administrative proceedings. On August 3, 2015, Plaintiff's attorney filed a stipulated application (#27) for EAJA fees.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). By stipulating to the EAJA application, the Commissioner concedes its position in denying Plaintiff's application was not "substantially justified" and that no special circumstances render the requested award unjust. Having reviewed the stipulated motion, the Court finds Plaintiff's petition is proper and the amount requested is reasonable. Therefore, Plaintiff's application (#27) for EAJA fees is GRANTED. Plaintiff is awarded $6,946.82 pursuant to 28 U.S.C. § 2412.

This award is subject to any offset allowed under the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Because Plaintiff assigned her EAJA fees to counsel (#27-2), this award shall be made payable to Plaintiff's attorney so long as Plaintiff does not owe a debt subject to offset. If there is a debt owed under the Treasury Offset Program, any remaining award will be made payable to Plaintiff and delivered to Plaintiff's counsel.

It is so ORDERED and DATED this ___4___ day of August 2015.

MARK D. CLARKE
United States Magistrate Judge

Page 3 – ORDER